UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-60336-MIDDLEBROOKS

LUIS ARNULFO OCAMPO MARTINEZ,

Petitioner,

v.

PAM BONDI, et al.,

Respondents.

_____/

## ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE comes before me upon Petitioner, Luis Arnulfo Ocampo Martinez's, Emergency Motion for Temporary Restraining Order, Emergency Stay of Removal, and Immediate Disclosure of Petitioner's Whereabouts, filed on May 22, 2026. (DE 22). For the reasons stated, the Motion is denied.

Petitioner Luis Arnulfo Ocampo Martinez filed an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention. (DE 1). There, Petitioner centrally argued that he cannot be detained because he cannot be removed from the United States. Specifically, he contended that he could not be removed because he had Temporary Protected Status ("TPS"), and because his removal is stayed pending the immigration court's disposition of his motion to have his 1998 removal order rescinded. (*Id.*). On March 24, 2026, Magistrate Judge Panayotta D. Augustin-Birch's issued her Report and Recommendation recommending denial of the Petition, which has not yet been adopted. (DE 15). Judge Birch made several findings. First, she found that the current state of Petitioner's TPS is that it was terminated effective September 8, and he has not demonstrated that he either still has or must be treated as though he still has TPS.

(DE 15 at 6, 7). Second, she found that the Petitioner has not shown that he cannot be detained in light of the stay of his removal, pending appeal with the Board of Immigration Appeals (BIA). (*Id.* at 7).

Now, Petitioner motions this Court for a temporary restraining order to prevent his potential removal from the United States, notwithstanding the fact that his original petition concerned only the lawfulness of his detention. Petitioner alleges that as of 6:36 AM on May 22, 2026, the Immigration and Customs Enforcement Online Detainee Locator System produced no results for Petitioner. (DE 22 at 5). Additionally, no notice of any transfer, movement, or removal has been provided to Petitioner's counsel. (*Id.*).

There are four elements that a party must show for this Court to grant a temporary restraining order ("TRO"): "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Petitioner does not show a substantial likelihood of success on the merits.

Petitioner advances two central arguments that merit attention. First, he argues that under 8 U.S.C. § 1101(g), an alien who departs the United States after being ordered removed "shall be considered to have been deported or removed in pursuance of law." (DE 22 at 7). Petitioner avers that he departed the United States in 2013 and again in 2019, both times with DHS-issued advance parole, and was lawfully inspected and re-admitted each time — as documented by an official DHS Form I-94 reflecting lawful admission on May 14, 2019. (*Id.*). Petitioner contends that the effect of these departures and re-admissions is that the 1998 removal order, which the Government relies on to remove the Petitioner, has been executed by operation of statute. This argument is

facially questionable, but also procedurally improper for two reasons. First, Petitioner's claim that the 1998 removal order was executed was raised for the first time in his Reply and expanded upon in his Objection to the Magistrate Judge's Report and Recommendation. (DE 11 at 4, DE 16). Second, Petitioner's motion for a temporary restraining order, and this particular argument in support of the TRO, attempts to litigate the validity of his *removability* as opposed to his *detention*, and it was the latter that was the sole issue presented in his original Petition.

Petitioner's second argument in the Emergency Motion is that under federal law and regulations, there is an existing automatic stay of removal pursuant to INA § 240(b)(5)(C) and 8 C.F.R. § 1003.6(a). However, this argument is misplaced. Again, the central issue presented at the inception of this case was whether Petitioner's detention was lawful, not whether he is removable. Ultimately, the relief sought now has materially changed, and likely is not even cognizable. I have no authority to adjudicate whether Petitioner should or should not be removed from the United States.

To prevail in this Emergency Motion for TRO, Petitioner must show a likelihood of success on the merits with respect to his original Petition challenging his detention. Magistrate Judge Birch considered, and rejected, Petitioner's arguments because Petitioner failed to provide authority to support his legal position that his detention was unlawful. Considering Judge Birch's Report and Recommendation for purposes of the instant motion, I find that it is unlikely that Petitioner is likely to succeed on the merits.

## CONCLUSION

Accordingly, it is hereby ORDERED AND AJDUDGED that Petitioner, Luis Arnulfo

Ocampo Martinez's, Emergency Motion for Temporary Restraining Order, Emergency Stay of

Removal, and Immediate Disclosure of Petitioner's Whereabouts (DE 22) is **DENIED**.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 22 day of May, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record