**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 26-CV-60336-MIDDLEBROOKS

LUIS ARNULFO OCAMPO MARTINEZ,

       Petitioner,

v.

PAM BONDI, et al.,

       Respondents.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

THIS CAUSE comes before the Court upon two Reports and Recommendations ("R&R") issue by United States Magistrate Judge Panayotta D. Augustin-Birch. The first R&R, entered June 11, 2026 (DE 25), pertains to Petitioner's Motion for Leave to Supplement Complaint, filed on March 27, 2026 (DE 17). Petitioner has filed objections to the R&R, dated June 25, 2026. (DE 26). Respondents filed their Response to the Objections on July 16, 2026. (DE 28). Judge Birch recommends that I deny Petitioner's Motion to Supplement because Petitioner has not demonstrated that a supplement under Rule 15(d) is warranted. (DE 25 at 2). I agree and will adopt the R&R. However, I write to provide additional clarification as to why Petitioner's claims to supplement do not pass muster.

Petitioner originally filed his Petition for Writ of Habeas Corpus on February 8, 2026. (DE 1). He entered the United States in February 1998 and was later ordered removed in September 1998. (*Id.* at 5). However, in April 1999, the Department of Homeland Security granted Petitioner

Temporary Protected Status (TPS) pursuant to INA § 244, based on Honduras's designation, enabling him to remain in the country since.

But TPS for Honduras was originally scheduled to terminate on September 8, 2025, putting Petitioner at risk of removal. And on July 1, 2025, Petitioner was arrested by Border Patrol Agent Bruno Cabral while on his drive to work. (*Id.* at 6). Plaintiff's central claim for release at the time of the Petition was that "he is a Honduran national and long-time [TPS] beneficiary, whose TPS remains valid and in effect pursuant to a federal court order vacating DHS's attempted termination of TPS for Honduras." (*Id.* at 2).

This was the initial basis upon which Petitioner centered his request for relief, but that theory and his requests have changed significantly. In his Motion to Supplement Complaint (DE 17). Petitioner now requests that this Court provide declaratory relief affirming that: (a) Petitioner was a Temporary Protected Status (TPS) holder on July 1, 2025 (date of arrest) and on February 8, 2026 (date the habeas petition was filed), and that removal was therefore statutorily barred under 8 U.S.C. § 1254a(a)(1) at those times; (b) that the 1998 in-absentia removal order was subject to an automatic regulatory stay upon the filing of Petitioner's motion to reopen, 8 C.F.R. § 1003.23(b)(4)(ii), rendering the order non-executable on the dates of arrest and habeas filing; (c) that the Form I-213 prepared by the CBP arresting officer on July 1, 2025, which relied on the alleged 1998 entry without inspection, is directly contradicted and rendered unreliable by Petitioner's official DHS Form I-94; (d) that Petitioner's detention since July 1, 2025 has been continuous immigration-process detention under the original CBP administrative order and detainer, and that the removal period under 8 U.S.C. § 1231 therefore began on July 1, 2025; (e) that continued detention is unlawful because no statutory authority exists under 8 U.S.C. § 1231 (or § 1226) while TPS protections and the regulatory stay were in effect.

Respondent filed a Response in opposition to the Petitioner's Motion for Leave to Supplement (DE 19) and Petitioner filed a Reply (DE 20). On referral, Magistrate Judge Panayotta Augustin-Birch issued a Report and Recommendation which I find to be concise, correct, and straight to the point. Each element of declaratory relief sought by the Petitioner does not concern any transaction, occurrence, or event happening *after* he filed his Petition for Writ of Habeas Corpus. Indeed, I find that it raises similar claims as did the initial petition—the first being that Petitioner was a valid TPS holder when he was detained by immigration and that this Court should aggregate the time he was detained by the US Marshal service between July 1, 2025 when determining the total time period of post-removal detention.

Petitioner filed a Response raising a host of objections to the R&R. I will take each in turn.

First, Petitioner suggests that I should reject the R&R because, beyond citing to and applying the explicit text of Federal Rule of Civil Procedure 15(d), the Magistrate Judge did not offer a finding of bad faith, prejudice to Respondents, or futility. (DE 26 at 2). Petitioner, however, puts the cart before the horse. These considerations would be relevant only where the proposed complaint has met the prerequisite set forth explicitly within the rule. "A supplemental pleading is an appropriate vehicle by which to 'set forth new facts in order to update the earlier pleading....' " *Lussier v. Dugger*, 904 F. 2d 661, 670 (11th Cir. 1990) (quoting 6A C. Wright, A. Miller & M.K. Kane, Federal Practice and Procedure § 1504, at 177.). Where it has not even done that, the Magistrate Judge was perfectly entitled to end her analysis there.

Second, in his attempt to salvage his Motion, Petitioner suggests that "[a]t least three significant post-filing occurrences arose after the Habeas Petition was filed on February 8, 2026." (DE 26 at 2 (emphasis omitted)). First, Petitioner points to the Ninth Circuit Court of Appeals' decision staying the district court's *vacatur*, which thereby reinstated the termination of Honduran

Temporary Protected Status pending appeal. *Nat'l TPS All. v. Noem,* No. 26-199 (9th Cir. Feb. 9, 2026). But I agree with the Respondent that this cannot serve as a foundation upon which to grant Petitioner's Motion to Amend under Rule 15(d) when Petitioner has neither addressed it in the Supplemental Complaint, nor does this decision offer Petitioner legal relief. Second, Petitioner points to his motion to reopen filed three days after the Petition was filed, which he argues immediately triggered an automatic regulatory stay of removal pursuant to 8 C.F.R. § 1003.23(b)(4)(ii). Third, Petitioner points to *Respondents'* production of the 2025 Form I-213, the 1998 Form I-213, the 1998 removal order, and the Declaration of Deportation Officer Juan C. Moreno to form the basis of their arguments in favor of detention to suggest that it "generated a newly crystallized dispute concerning the executability of the removal order and the existence of any statutory authority for continued detention." (DE 26 at 4). With respect to these latter two contentions, amendment of the Petition would be futile. Plaintiff's argument concerning the motion to reopen was squarely considered and rejected by the Magistrate Judge, who correctly concluded that, although it may be true that he cannot be *removed* while his motion is pending before the immigration court, it does not follow that Petitioner cannot be *detained* while the motion is pending. (DE 15 at 7).

Third, Petitioner's dispute about the executability of the removal order likewise does not operate to change Petitioner's legal rights within the context of a habeas claim. Petitioner suggests that the Form I-213 is contradicted by the DHS Form I-94, the latter of which Petitioner represents demonstrated lawful inspection and admission into the United States on May 14, 2019. (DE 26 at 3). Petitioner's argument first comes in the Reply, where he cites to the DHS I-94 to refute Respondents' assertion that "he last entered the United States without inspection on February 15, 1998." (DE 10 at 2). (DE 11 at 4). Petitioner continues to state "[t]his is incorrect and relies on an

unreliable Form I-213 dated July 1, 2025 … which is subject to review and rebuttal in EOIR proceedings and here. Correct fact: Petitioner last entered the United States on May 14, 2019, and was duly inspected and admitted by DHS/CBP." As an initial consideration, Petitioner had the opportunity to introduce and rely upon the DHS Form I-94 from on or around May 14, 2019 when he filed the Petition. Instead, his Petition centers only on the 1998 removal order and the impact of the 2025 district court's vacatur of DHS's TPS termination decision.  But in any event, Respondents' argument does not rely on this premise in forming the basis for Petitioner's detainment. In fact, it is quite clear that upon review of Respondents' Response to the original Petition (DE 10), which Petitioner suggests provides "factual and legal predicates upon which they claim detention authority under § 1231" Respondents' argument rests solely on the central contention that Petitioner's TPS designation has been revoked. The references to these documents arise only in the context of the factual background, as opposed to the legal basis for his detention. And the facts alleged within the I-94 are of no moment with respect to the force of the 1998 removal order. Simply put, Petitioner is detained pursuant to 8 U.S.C. § 1231 as he is subject to a final removal order. Ultimately, I agree with the Respondents that Petitioner "must show that the government lacks a legal right to detain him or that he must be released" and his argument that one form is inconsistent with another does not thread that needle. (DE 28 at 12).

Petitioner's next objection is that the R&Rs, together, amount to a *Clisby* violation because "Petitioner's distinct challenges to the statutory authority for his detention are separate habeas claims that independently require adjudication." (DE 26 at 4). But much of what Petitioner seeks to litigate through the Supplemental Count arises and stems directly from issues raised in his Petition and the briefing, and accordingly considered in the Magistrate Judge's R&R recommending denial of his Petition. Even so, a litigant remains bound by the Federal Rules of

Civil Procedure. Thus, his failure to satisfy Rule 15(d) cannot be cured by characterizing the denial of his motion to supplement as a *Clisby* violation, nor does it revive claims that could have been asserted in the original Petition.

Petitioner then moves to suggest that his "most powerful substantive claim – TPS protection at the time of arrest – is addressed by the supplement and has never been adjudicated by either R&R." (DE 26 at 5). But Petitioner raises this argument in his Petition. Specifically, he notes that he "is a Honduran national and long-time Temporary Protected Status ("TPS") beneficiary, whose TPS remains valid and in effect pursuant to a federal court order vacating DHS's attempted termination of TPS for Honduras." (DE 1 at 2). He then explains that he was granted TPS status in 1999, that it was scheduled to terminate on September 8, 2025 but remains valid and effective as of the date of this Complaint because a federal judge vacated DHS's decision to terminate his TPS status on December 31, 2025. Crucially, it devotes an entire section to his arrest and explicitly notes that "the Petitioner had a valid and active TPS protection in place as of July 1, 2025." (*Id.* at 7). The Magistrate Judge concluded that "the current state of Petitioner's TPS is that it was terminated effective September 8 and it rejected Plaintiff's contention, as the Magistrate Judge put it, that the Court "must treat him as though the district court's order is still in place and is not stayed, as though the termination of his TPS is vacated, and as though he still has TPS and cannot be removed." (DE 15 at 5, 6). In doing so, the Magistrate Judge found Petitioner's argument meritless and unsupported by any authority. I agree with the Magistrate Judge's conclusion in this respect.

Finally, I consider Petitioner's argument that the Supplemental Counts are directed towards "responding" to Government-introduced evidence. (DE 26 at 6). But this argument fails because the disputed evidence mentioned earlier does not bear on Petitioner's legal rights (which falls

purely on the fact that Petitioner's TPS status has been terminated), and the Petitioner has had the opportunity to respond to the Respondents' position, evidence and arguments, all of which has been considered throughout the pendency of this matter.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND AJDUDGED** that:

1.      Magistrate Judge Augustin-Birch's Report and Recommendation (DE 25) is **ADOPTED.**

2.      Petitioner, Luis Arnulfo Ocampo Martinez's, Motion for Leave to Supplement Complaint (DE 17) is **DENIED**.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 21st day of July, 2026.

Donald M. Middlebrooks
United States District Judge

Cc:  Counsel of Record